**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

| | | |
|---|---|---|
| DR. MIKE REDFORD, | : | PRISONER HABEAS CORPUS |
| Juris; President U.S. Cyberwar | : | 28 U.S.C. § 2241 |
| Research Institute, Washington, | : | |
| D.C., | : | |
|      Petitioner, | : | |
| | : | |
|     v. | : | |
| | : | |
| WARDEN CONLEY, | : | CIVIL ACTION NO. |
|     Respondent. | : | 1:16-CV-4106-WSD-JFK |

**UNITED STATES MAGISTRATE JUDGE'S**
**ORDER AND FINAL REPORT AND RECOMMENDATION**

The matter is before the Court on Petitioner's 28 U.S.C. § 2241 petition, as

amended [9], for consideration under Rule 4 of the Rules Governing Section 2254

Cases ("Rule 4"), as applied to § 2241 petitions. <u>See</u> Rules Governing Section 2254

Cases, Rule 1(b). The matter also is before the Court on Petitioner's motions for a

three judge court [4, 10], to bifurcate [12], for an evidentiary hearing [5], to disqualify

the assigned District Court Judge [6], to disqualify the assigned Magistrate Judge [7],

and to invoke an investigation [8].

**I.   <u>Discussion</u>**

Petitioner has amended as directed and has clarified that he filed this § 2241

petition in order to challenge the Gwinnett County Superior Court's August 13, 2009,

decision in case number 08-A-10257-3, in regard to child abandonment, child-support contempt, failure to exercise rights, and a "future county jail incarceration detainer." (Am. Pet. at 1, ECF No. 9). Petitioner challenges the termination of his parental rights and imprisonment based on his attempt to purge himself in regard to child support payments and asserts constitutional violations, child-support harassment, and a conspiracy to convict him for aggravated stalking.[1] (Id. ¶¶ 11-12). Petitioner seeks a dismissal of his child support obligations, a recision of Gwinnett County's bench warrant, a refund of previously paid child support and damages related to his student loans, an investigation of Gwinnett County, an injunction against Gwinnett County, and criminal prosecution of certain state officials.[2] (Id. ¶ 13).

_____

[1]Petitioner is confined within the Georgia Department of Corrections where he is serving a ten-year sentence for his Douglas County convictions for aggravating stalking. See www.dcor.state.ga.us (follow "Find an Offender" hyperlink, GDC ID number 1207476) (last visited Dec. 28, 2016). Petitioner already has pending a federal habeas corpus challenge to his convictions for aggravated stalking. See Redford v. Sellers, No. 1:16-cv-2083 (N.D. Ga. filed May 10, 2016). Accordingly, Petitioner's aggravated stalking convictions are not further addressed in this action.

[2]Non-habeas relief, such as damages, is not available in this action. The undersigned does not recommend construing this *pro se* action as a civil action because Petitioner is subject to 28 U.S.C. § 1915(g), which generally prohibits bringing a civil action without full pre-payment of the filing and administrative fees. See Op. and Order, Redford v. James, No. 1:14-cv-2043 (N.D. Ga. Sept. 24, 2014) (listing cases).

AO 72A
(Rev.8/82)

The general habeas statute dictates that a prisoner is entitled to federal habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. §2241(c)(3).  Generally, custody based on civil contempt meets the in-custody requirement for seeking federal habeas corpus review.  Duncan v. Walker, 533 U.S. 167, 176 (2001).  Notwithstanding, the Younger abstention doctrine requires a federal court in certain circumstances to abstain from interfering with ongoing state court proceedings.  31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003) (discussing Younger v. Harris, 401 U.S. 37 (1971), abstention doctrine).  Younger abstention principles are "fully applicable to noncriminal judicial proceedings when important state interests are involved." 31 Foster Children, 329 F.3d at 1274 (quoting Middlesex County Ethics Comm. v. Garden State Bar Ass'n, 457 U.S. 423, 432 (1982)) (internal quotation marks omitted).  A federal district court should abstain if (1) there are ongoing state judicial proceedings with which federal proceedings would interfere, (2) the ongoing "proceedings implicate important state interests," and (3) "there [is] an adequate opportunity in the state proceedings to raise constitutional challenges." Id. at 1274-75 (quoting Middlesex, 457 U.S. at 432) (internal quotation marks omitted).  The federal court "assume[s] that state procedures will afford an adequate remedy, in the absence of unambiguous authority to the contrary." 31 Foster

3

Children, 329 F.3d at 1279 (quoting Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 15 (1987)) (internal quotation marks omitted).

When a petitioner is obligated by court order to make continued periodic child-support payments and is subject, on an ongoing basis, to contempt proceedings for failure to make those payments, "there is a pending state court proceeding." Pompey v. Broward County, 95 F.3d 1543, 1548 n.6 (11th Cir. 1996). The state's interest in "preserving the integrity of its contempt proceedings, as well as its domestic relations cases," is an important state interest. Id. (quoting Parker v. Turner, 626 F.2d 1, 4 (6th Cir. 1980) (internal quotation marks omitted). The constitutional structure of federal and state governments counsels against a federal district court "arrogat[ing] to itself the role of overseer of [state] child support enforcement proceedings." Id. at 1550.[3]

---

[3]After discussing the problems that would arise if lower federal courts reviewed state domestic-relations rulings, the Eleventh Circuit stated,

> Those are some of the problems that would arise if the federal district court were to arrogate to itself the role of overseer of Broward County's child support enforcement proceedings. Considerations of those problems vindicates the wisdom of the Framers in reserving to only one federal court, the Supreme Court, the authority to review state court proceedings. Neither federal district courts nor federal courts of appeals may usurp the authority and function of the Supreme Court and state appellate courts to review state court proceedings. The state courts are

4

Petitioner currently is confined within the Georgia Department of Corrections based on his criminal convictions, and it does not appear that he is in custody based on a state domestic-relations contempt order. To the extent that Petitioner is subject to future custody or contempt proceedings based on his state domestic-relations case, the principles in <u>Younger</u> require that this Court abstain because a domestic-relations case involves important state interests and there is an adequate opportunity to raise constitutional challenges through the normal state process.[4]

## II.   <u>Motions</u>

Because this action is subject to dismissal under <u>Younger</u>, Petitioner's motions for a three judge court, for an evidentiary hearing, to disqualify the assigned District

---

courts of equal dignity with all of the federal "inferior courts"—to use the Framers' phrase—and state courts have the same duty to interpret and apply the United States Constitution as we do. If the state courts err in that respect, the remedy lies in review by the Supreme Court, the same place a remedy may be found if we err.

<u>Pompey</u>, 95 F.3d at 1550.

[4]Georgia law allows for appeal of a domestic-relations contempt order to the Georgia Supreme Court. <u>See</u> <u>Horn v. Shepherd</u>, 292 Ga. 14, 16, 732 S.E.2d 427, 430 (2012). Thereafter, a party may seek *certiorari* in the United States Supreme Court. <u>See</u> <u>Turner v. Rogers</u>, 564 U.S. 431, 438 (2011).

5

Court Judge, to disqualify the assigned Magistrate Judge, and to invoke an investigation are moot.

Petitioner's motion for bifurcation also shall be denied. On review of Petitioner's initial petition filed in this action, the Court observed – "In the instant petition, Petitioner states that he is challenging a[] . . . Gwinnett County decision pertaining to child abandonment, child support contempt, and failure to exercise visitation rights . . . . When asked what he wants the federal court to do, Petitioner, among other things, also states that he seeks to vacate a 2006 Gwinnett County conviction for obstruction of law enforcement. " (Pet. at 1, 6, ECF No. 1). The Court instructed Petitioner that he could challenge only one judgement in this action, instructed him that his petition was deemed to challenge the domestic-relations decision, but allowed him an opportunity to amend. Petitioner submitted an amended petition, which states that he challenges a domestic-relations order, as discussed above. (Am. Pet. at 1). In his motion to bifurcate this action, Petitioner states that he additionally wants to challenge his Gwinnett County conviction for obstruction of a law enforcement officer. (Mot. to Bifurcate, ECF No. 12). This action challenges only a domestic relations decision, and the motion to bifurcate shall be denied. If Petitioner

6

wishes to challenge his Gwinnett County conviction for obstruction, he must file another action doing so.

## III.   Certificate of Appealability ("COA")

Under Rule 11 of the Rules Governing § 2254 Cases, "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. . . . If the court issues a certificate, the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)."  The Court will issue a certificate of appealability "only if the applicant has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).

> "When the district court denies a habeas petition on procedural grounds . . . a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."

Damren v. Florida, 776 F.3d 816, 820 (11th Cir. 2015) (quoting Slack, 529 U.S. at 484), petition for cert. filed, No. 16-6498 (U.S. Oct. 17, 2016).

The undersigned recommends that a COA should be denied based on the above discussion.  If the Court adopts this recommendation and denies a COA, Petitioner is advised that he "may not appeal the denial but may seek a certificate from the court of appeals under Federal Rule of Appellate Procedure 22."  Rule 11(a), Rules Governing § 2254 Cases in the United States District Courts.

7

**IV.**   **Conclusion**

Accordingly,

**IT IS RECOMMENDED** that the petition as amended [9] be **DISMISSED** without prejudice and that a certificate of appealability be **DENIED**.

**IT IS FURTHER RECOMMENDED** that Petitioner's motion to disqualify the assigned District Court Judge be **DENIED** as moot.[5]

**IT IS ORDERED** that Petitioner's motions for a three judge court [4, 10], for an evidentiary hearing [5], to disqualify the assigned Magistrate Judge [7] and to invoke an investigation [9] are **DENIED** as moot and that Petitioner's motion to bifurcate [12] is **DENIED**.

**IT IS SO ORDERED AND DIRECTED** this 28th day of December, 2016.

JANET F. KING
UNITED STATES MAGISTRATE JUDGE

---

[5]Petitioner's objections to the Order requiring Petitioner to amend remain pending.  (Objections, ECF No. 11).

8