IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

DR. MIKE REDFORD, Juris;
President U.S. Cyberwar Research
Institute, Washington, D.C.,

        Petitioner,

v.                                                               1:16-cv-4106-WSD

WARDEN CONLEY,

        Respondent.

**OPINION AND ORDER**

This matter is before the Court on Magistrate Judge Janet F. King's Final Report and Recommendation [13] ("R&R"). The R&R recommends the Court dismiss Petitioner Dr. Mike Redford's ("Petitioner") amended 28 U.S.C. § 2241 petition [9]. The R&R also recommends the Court deny as moot Petitioner's "Motion for Disqualification and/or Recusal of Judge William Duffey Jr." [6]. Also before the Court are Petitioner's Objections to the R&R [18]. Also before the Court are Petitioner's "Motion for Invocation of Discovery Process" [15], "Motion for Appointment of Discovery Counsel" [16], "Motion for Evidentiary Hearing" [17] and "Motion for Jury Trial" [19] (collectively, "Post-R&R Motions").

## I.    BACKGROUND

### A.    Facts[1]

Petitioner is confined within the Georgia Department of Corrections. He is serving a ten-year sentence for his Douglas County convictions for aggravated stalking.

On November 2, 2016, Petitioner filed a form petition for writ of habeas corpus under 28 U.S.C. § 2241. On December 15, 2016, Petitioner, as directed by the Magistrate Judge, filed his amended petition. In it, Petitioner challenges the termination of his parental rights and appears to challenge a state-court order requiring him to make child support payments. He asserts constitutional violations, child-support harassment, and a conspiracy to convict him for aggravated stalking. (Am. Pet. [9] ¶¶ 11-12). Petitioner seeks a dismissal of his child support obligations, a rescission of Gwinnett County's bench warrant, a refund of previously paid child support and damages related to his student loans, an investigation of Gwinnett County, an injunction against Gwinnett County, and criminal prosecution of certain state officials.

---

[1] The facts are taken from the R&R and the record. The parties have not objected to any specific facts in the R&R, and the Court finds no plain error in them. The Court thus adopts the facts set out in the R&R. See Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993).

On December 16, 2016, Petitioner filed his Motion for Disqualification and/or Recusal of Judge William Duffey Jr. ("Motion to Recuse"). Petitioner states that the Court "has manifested partiality and personal bias since 2002 against petitioner and he is a racist." He states the Court "advocates racial inferiority of blacks [sic] intellectual abilities, a racial superiority opinions manifested over the years his impartiality is reasonably questioned." He states further that the Court is "in cohort with many state corrupt officials . . . ." (Mot. to Recuse at 1). Petitioner does not offer any evidence to support these accusations.

On December 28, 2016, the Magistrate Judge issued her R&R. The Magistrate Judge determined that Petitioner is currently confined based on his criminal convictions for aggravated stalking, not based on a state domestic-relations contempt order. She found that, to the extent Petitioner is subject to future custody or contempt proceedings based on his state domestic-relations case, the principles in Younger v. Harris, 401 U.S. 37 (1971) require that the Court abstain, because a domestic-relations case involves important state interests and there is an adequate opportunity to raise constitutional challenges through the normal state process. The Magistrate Judge recommends the Court deny Petitioner's Petition, and deny as moot his Motion to Recuse.

On January 11, 2017 through January 13, 2017, Petitioner filed his Post-R&R Motions, seeking discovery, counsel, an evidentiary hearing, and a jury trial.  On January 12, 2017, Petitioner filed his Objections.  The Objections consist almost entirely of vague statements and legal standards and citations that do not appear to apply here.  (See, e.g., Obj. at 3 ("Magistrate Judge erred by mischaracterizing the nature of Petitioner's Petition, therefore she failed to establish an essential element of the claim.")).

## II.   DISCUSSION

### A.   Legal Standard

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject, or modify a magistrate judge's report and recommendation.  28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982) (per curiam).  A district judge "shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made."  28 U.S.C. § 636(b)(1).  Where no party has objected to the report and recommendation, the Court conducts only a plain error review of the record.  United States v. Slay, 714 F.2d 1093, 1095 (11th Cir. 1983) (per curiam).

B.  <u>Analysis</u>

1.  <u>Motion to Recuse</u>

28 U.S.C. § 455 states the criteria for the disqualification of federal judges. Section 455(a) provides that a judge "shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned." 28 U.S.C. § 455(a). To satisfy the requirements of Section 455(a), a party seeking recusal must offer facts, and not merely allegations, that evidence partiality. <u>United States v. Cerceda</u>, 188 F.3d 1291, 1292 (11th Cir. 1999); <u>Weatherhead v. Globe Int'l, Inc.</u>, 832 F.2d 1226, 1227 (10th Cir. 1987) ("Allegations under [Section 455] need not be taken as true.").

Petitioner states that the Court "has manifested partiality and personal bias since 2002 against petitioner and he is a racist." He states the Court "advocates racial inferiority of blacks [sic] intellectual abilities, a racial superiority opinions manifested over the years his impartiality is reasonably questioned." He states further that the Court is "in cohort with many state corrupt officials . . . ." (Mot. to Recuse at 1). Petitioner does not offer any evidence to support these accusations. Because Petitioner offers only bare allegations of partiality, Petitioner's Motion to Recuse is denied. <u>See</u> <u>Cerceda</u>, 188 F.3d at 1292.

### 2. Petition and Post-R&R Motions

Though Petitioner's Objections are vague, the Court, in its discretion, conducts its *de novo* review. Petitioner challenges the termination of his parental rights and appears to challenge a state-court order requiring him to make child support payments. A prisoner is entitled to federal habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3). Petitioner currently is incarcerated based on his convictions for aggravated stalking. Petitioner does not appear to challenge these convictions. Petitioner instead challenges a state-court order to pay child support, but Petitioner is not in custody based on these issues. Accordingly, Section 2241 is not the appropriate vehicle for the relief Petitioner seeks, and his Petition is denied.

Even if Petitioner, in the future, was held in custody based on contempt proceedings for failure to make child-support payments, the principles in Younger v. Harris, 401 U.S. 37 (1971) would require that the Court abstain. The Younger abstention doctrine requires a federal court in certain circumstances to abstain from interfering with ongoing state court proceedings. 31 Foster Children v. Bush, 329 F.3d 1255, 1274 (11th Cir. 2003). Under Younger, "abstention is required when (1) the proceedings constitute an ongoing state judicial proceeding, (2) the proceedings implicate important state interests, and (3) there is an adequate

opportunity in the state proceedings to raise constitutional challenges." Turner v. Broward Sheriff's Office, 542 F. App'x 764, 766 (11th Cir. 2013) (per curiam).

All three requirements appear to be met here. When a petitioner is obligated by court order to make continued periodic child-support payments and is subject, on an ongoing basis, to contempt proceedings for failure to make those payments, "there is a pending state court proceeding." Pompey v. Broward Cty., 95 F.3d 1543, 1548 n.6 (11th Cir. 1996). The state's interest in "preserving the integrity of its contempt proceedings, as well as its domestic relations cases," is an important state interest. Id. (quoting Parker v. Turner, 626 F.2d 1, 4 (6th Cir. 1980) (internal quotation marks omitted)). The constitutional structure of federal and state governments counsels against a federal district court "arrogat[ing] to itself the role of overseer of [state] child support enforcement proceedings." Id. at 1550. Georgia law allows for appeal for a domestic-relations contempt order to the Georgia Supreme Court. See Horn v. Shepherd, 732 S.E.2d 427, 430 (Ga. 2012). A party may then seek certiorari in the United States Supreme Court. See Turner v. Rogers, 564 U.S. 431, 438 (2011). Because the three requirements of Younger abstention are met, even if Petitioner, in the future, was held in custody based on contempt proceedings for failure to make child-support payments, the Court would be required to abstain.

7

Because Petitioner's Section 2241 Petition is denied, Petitioner's Post-R&R Motions seeking discovery, counsel, an evidentiary hearing, and trial by jury, are denied as moot.

Finally, the Magistrate Judge recommends a certificate of appealability be denied, because jurists or reason would not find it debatable whether the Petition states a valid claim of the denial of a constitutional right.  (See R&R at 7).  Petitioner does not object to this finding and recommendation, and the Court finds no plain error in it.  See Slay, 714 F.2d at 1095.  Accordingly, a certificate of appealability is denied.

### III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Magistrate Judge Janet F. King's Final Report and Recommendation [13] is **ADOPTED AS MODIFIED**.

**IT IS FURTHER ORDERED** that Petitioner's Objections to the R&R [18] are **OVERRULED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Disqualification and/or Recusal of Judge William Duffey Jr." [6] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's amended 28 U.S.C. § 2241 petition [9] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's "Motion for Invocation of Discovery Process" [15], "Motion for Appointment of Discovery Counsel" [16], "Motion for Evidentiary Hearing" [17] and "Motion for Jury Trial" [19] (collectively, "Post-R&R Motions") are **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED**.

**SO ORDERED** this 6th day of February, 2017.

_William S. Duffey_
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE