# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

DR. MIKE REDFORD, Juris;
President U.S. Cyberwar Research
Institute, Washington, D.C.,

        Petitioner,

v.                                  1:16-cv-4106-WSD

WARDEN CONLEY,

        Respondent.

## OPINION AND ORDER

This matter is before the Court on Petitioner Mike Redford's ("Petitioner") Application to Appeal *In Forma Pauperis* [32] ("Application"). Also before the Court are Petitioner's Motion for Certificate of Appealability [26], Motion in Arrest of Judgment [30], and Motion for Leave to File Exhibits [31].

## I. BACKGROUND

On February 7, 2017, the Court issued its Order [21] denying Petitioner's amended 28 U.S.C. § 2241 petition [9]. Petitioner challenged the termination of his parental rights and appeared to challenge a state-court order requiring him to make child support payments. Petitioner currently is incarcerated based on separate convictions for aggravated stalking. Because Petitioner does not

challenge the convictions for which he is in custody, the Court determined that Section 2241 is not the appropriate vehicle for the relief Petitioner seeks. The Court also determined that, even if Petitioner, in the future, were held in custody based on contempt proceedings for failure to make child-support payments, the principles of abstention in <u>Younger v. Harris</u>, 401 U.S. 37 (1971) would require that the Court abstain. Accordingly, the Court denied Petitioner's Section 2241 Petition. The Court also denied a certificate of appealability, finding that jurists of reason would not find it debatable whether the Petition states a valid claim of the denial of a constitutional right.

On March 2, 2017, Petitioner filed his Motion for Certificate of Appealability. On March 24, 2017, he filed his Motion in Arrest of Judgment. On April 7, 2017, he filed his Motion for Leave to File Exhibits. On April 14, 2017, he filed his Application. In his statement of issues on appeal, Petitioner states that his "parental rights were terminated," and that he challenges the "fiduciary duty" imposed upon him by the Gwinnett County court to pay "child support." ([32] at 1).

## II. DISCUSSION

### A. Legal Standard

Applications to appeal *in forma pauperis* are governed by 28 U.S.C. § 1915 and Rule 24 of the Federal Rules of Appellate Procedure. Section 1915 provides, in pertinent part:

> (a) (1) . . . [A]ny court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding, civil or criminal, or appeal therein, without prepayment of fees or security therefor, by a person who submits an affidavit that includes a statement of all assets such prisoner[1] possesses that the person is unable to pay such fees or give security therefor. Such affidavit shall state the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress.
>
> . . .
>
> (3) An appeal may not be taken in forma pauperis if the trial court certifies in writing that it is not taken in good faith.

28 U.S.C. § 1915(a)(1), (3).

Rule 24 of the Federal Rules of Appellate Procedure provides, in pertinent part:

> (1) . . . [A] party to a district-court action who desires to appeal in forma pauperis must file a motion in the district court. The party must attach an affidavit that:

---

[1] The word "prisoner" is a typographical error, and the affidavit requirement applies to all individuals seeking to proceed *in forma pauperis*. Martinez v. Kristi Kleaners, Inc., 364 F.3d 1305, 1306 n.1 (11th Cir. 2004).

> (A) shows in the detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;
>
> (B) claims an entitlement to redress; and
>
> (C) states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1).

Two requirements must be satisfied for a party to prosecute an appeal *in forma pauperis.* First, the party must show an inability to pay. Second, the appeal must be brought in good faith. An appeal may not be taken *in forma pauperis* if the trial court certifies, either before or after the notice of appeal is filed, that the appeal is not taken in good faith. 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3)(A).

A party demonstrates good faith by seeking appellate review of any issue that is not frivolous when judged under an objective standard. See Coppedge v. United States, 369 U.S. 438, 445 (1962). An issue is frivolous when it appears that the legal theories are "indisputably meritless." See Neitzke v. Williams, 490 U.S. 319, 327 (1989); Carroll v. Gross, 984 F.2d 392, 393 (11th Cir. 1993). An *in forma pauperis* action is frivolous, and thus not brought in good faith, if it is "without arguable merit either in law or fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001). "Arguable means capable of being convincingly

argued." Sun v. Forrester, 939 F.2d 924, 925 (11th Cir. 1991) (per curiam) (quoting Moreland v. Wharton, 899 F.2d 1168, 1170 (11th Cir. 1990) (per curiam) (internal quotation marks omitted)). Where a claim is arguable, but ultimately will be unsuccessful, it should be allowed to proceed. See Cofield v. Ala. Pub. Serv. Comm'n, 936 F.2d 512, 515 (11th Cir. 1991).

The individual seeking to appeal *in forma pauperis* must submit a statement of good faith issues to be appealed. Fed. R. App. P. 24(a)(1)(C) ("The party must attach an affidavit that . . . states the issues that the party intends to present on appeal."). A statement of issues to be appealed enables the court to determine whether the appeal would be frivolous or not taken in good faith. See Howard v. Huntington Nat'l Bank, No. 2:09-cv-251, 2010 WL 4642913, at *3 (S.D. Ohio Nov. 4, 2010) ("The affidavit . . . does not include a statement of the issues he intends to present on appeal, the omission of which is fatal to a Rule 24(a) motion."); Martin v. Gulf States Utils. Co., 221 F. Supp. 757, 760 (W.D. La. 1963) ("The statement of points . . . will . . . enable us to more intelligently determine whether or not the proposed appeal is frivolous, or not made in good faith." (citations omitted)).

B.  Analysis

The Court finds Petitioner's appeal is not taken in good faith. Petitioner again states that he seeks to challenge a state-court order of child support. Petitioner does not contest that he is not in custody based upon this child support order. A prisoner is entitled to federal habeas relief if "[h]e is in custody in violation of the Constitution or laws . . . of the United States," 28 U.S.C. § 2241(c)(3). Because Petitioner is not in custody based upon the state-court child support order he seeks to challenge, Section 2241 is not the appropriate vehicle for the relief Petitioner seeks. Because Petitioner's appeal lacks an arguable basis in law, the Court finds that the appeal is not taken in good faith. Petitioner's Application is required to be denied. See 28 U.S.C. § 1915(e)(2).[2]

As to Petitioner's Motion for Certificate of Appealability, the Court already denied a certificate of appealability in its February 7, 2017, Order, and Petitioner's motion is denied as moot. To the extent Petitioner seeks reconsideration of the Court's denial, as explained above, it is not debatable that, because petitioner is not in custody on state-court child support order he seeks to challenge, he cannot that

---

[2] Because the Court concludes that the appeal is not taken in good faith, the Court does not reach whether Petitioner has shown an inability to pay the costs of filing an appeal.

6

order under Section 2241. Petitioner's Motion in Arrest of Judgment and Motion for Leave to File Exhibits are denied as moot.

## III. CONCLUSION

For the foregoing reasons,

**IT IS HEREBY ORDERED** that Petitioner Mike Redford's Application to Appeal *In Forma Pauperis* [32] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Certificate of Appealability [26], Motion in Arrest of Judgment [30], and Motion for Leave to File Exhibits [31] are **DENIED AS MOOT**.

**SO ORDERED** this 27th day of April, 2017.

WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE